IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD HUTTON, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:17-cv-1567 |
| v. | § § | JURY TRIAL DEMANDED |
| ADVANCED RETAIL SOLUTIONS, INC., | § § | FLSA COLLECTIVE ACTION |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Reginald Hutton ("Plaintiff"), on behalf of himself and all other similarly situated employees, files this Complaint against Advanced Retail Solutions, Inc. ("ARS" or "Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek of Plaintiff's employment with Defendant.

2. Plaintiff performed commercial building maintenance work for customers of Defendant. Plaintiff was paid hourly and primarily performed work that was manual labor in nature.

3. In addition to hourly pay, Defendant also paid Plaintiff so-called per diem pay that was not reasonably approximated to Plaintiff's reimbursable expenses incurred on Defendant's behalf or for the convenience of Defendant.

4. Plaintiff was not paid all overtime wages owed because Defendant did not pay Plaintiff for all hours worked per workday and per workweek that were integral and indispensable to his primary work duties. Defendant had a practice and/or policy of deducting FLSA compensable time from a workday for pay purposes and/or not paying for all compensable time worked during the workday pursuant to the FLSA. As Plaintiff regularly worked no less than 40 hours per workweek, that resulted in Plaintiff not being paid all overtime compensation owed. For example, Defendant deducted/did not pay approximately one hour per workday for a meal break regardless of whether or not Plaintiff received a corresponding non-compensable meal break pursuant to the FLSA. Furthermore, Defendant had a practice and/or policy of not factoring non-bona fide per diem pay into Plaintiff's regular rate of pay which resulted in an underpayment of overtime wages to Plaintiff.

5. Plaintiff files this lawsuit individually and as a FLSA collective action on behalf of all other similarly situated individuals who are/were employed by Defendant as commercial building maintenance workers, are/were paid an hourly rate of pay and/or non-bona fide per diem pay, and like Plaintiff, are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

6. Plaintiff and the collective action members seek all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION AND VENUE

**A. Plaintiff Reginald Hutton**

7. Plaintiff is a natural person who resides in Garland, Dallas County, Texas. He has standing to file this lawsuit.

8. Plaintiff was employed by Defendant as an hourly paid commercial building maintenance worker.

9. In addition to hourly pay, Defendant paid Plaintiff so-called per diem pay that was not reasonably approximated to Plaintiff's reimbursable expenses incurred on Defendant's behalf or for the convenience of Defendant (the "non-bona fide per diem pay").

10. Plaintiff is a former employee of Defendant, and his employment with Defendant ended in approximately May 2017.

11. Defendant did not maintain a central location in which Plaintiff worked, or reported for work. Instead, Plaintiff's home base was his residence in Garland, Dallas County, Texas, and Plaintiff was assigned commercial building maintenance work by Defendant at jobsites of Defendant's customers in Dallas County in addition to jobsites that were a several hour drive from Plaintiff's residence.

12. By filing this lawsuit, Plaintiff consents to be a party plaintiff seeking damages under the FLSA in this lawsuit pursuant to 29 U.S.C. §216(b).

**B.    Collective Action Members**

13. The putative collective action members are all current and/or former hourly paid commercial building maintenance worker employees of Defendant who are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek during the time period relevant to this lawsuit. Defendant has/had a practice and/or policy of deducting compensable time from a workday for pay purposes and/or not paying for all FLSA compensable time worked in a workday as to the putative collective action members. As Plaintiff and the putative collective action members regularly worked no less than 40 hours per workweek, that resulted in them not being paid all

overtime compensation owed in violation of the FLSA. Furthermore, like Plaintiff, Defendant paid the putative collective action members non-bona fide per diem pay that was not factored into their respective regular rates of pay which resulted in an underpayment of overtime wages under the FLSA.

14. Because Defendant did not pay all overtime premium compensation to its commercial building maintenance worker employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

15. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

**C.** **Defendant Advanced Retail Solutions, Inc.**

16. Defendant is a foreign corporation.

17. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

18. Defendant's principal place of business is 1431 Airport Drive, Suite 600, Ball Ground, Georgia, 30107.

19. Defendant maintains offices and/or business locations in numerous states throughout the United States. States in which Defendant conducts business operations include, but are not limited to, Alabama, Arkansas, California, Florida, Georgia, Indiana, Kentucky, Louisiana, Maryland, Mississippi, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, and West Virginia. Defendant also maintains an office and/or business location in the District of Columbia.

20. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

21. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

22. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

23. For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include two or more individual commercial building maintenance workers working for customers of Defendant in more than one state and interstate communications involving those workers by phone and internet with Defendant and Defendant's customers.

24. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, fuel, communication devices, equipment, and supplies/materials used in connection with commercial building maintenance work for Defendant's customers.

25. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

26. Defendant may be served with summons through its registered agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**D.    Jurisdiction and Venue**

   27.    The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

   28.    During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

   29.    The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

   30.    Venue is proper in the United States District Court for the Northern District of Texas because, as previously identified, a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district.

   31.    Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas because, as previously identified, a substantial part of the events giving rise to the claims in this lawsuit occurred in this Division.

## III.    FACTUAL BACKGROUND

   32.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

   33.    Defendant offers a wide range of maintenance and construction services for third party retail and/or commercial business facilities. Examples of those services include plumbing repairs, drain line cleaning, electrical repairs, lighting, carpentry, wall repairs, ceiling repairs, general maintenance, "handyman" type work, interior build outs, remodeling, and other services (the "Commercial Building Maintenance Work"). That work was performed by the workers defined herein as the commercial building maintenance workers.

34. Defendant represents that it located in 19 states and the District of Columbia, but that it has nationwide operations.

35. In connection with its Commercial Building Maintenance Work, Defendant employs numerous commercial building maintenance workers (*i.e.* Plaintiff and the putative collective action members). Those commercial building maintenance workers typically have as their home base their personal residence where they are dispatched Commercial Building Maintenance Work by Defendant for customers of Defendants.

36. While some Commercial Maintenance Work is performed in close geographic proximity to the residence of the commercial building maintenance workers, some of that work requires drive times of several hours, and travel to states other than the state where the commercial building maintenance workers respectively reside.

37. Plaintiff performed Commercial Maintenance Work for customers of Defendant. Plaintiff was paid hourly and primarily performed work that was manual labor in nature.

38. Plaintiff was also paid non-bona fide per diem pay that Defendant did not factor into his regular rate of pay when calculating the overtime wages owed pursuant to the FLSA. That non-bona-fide per diem pay was not based on expenses Plaintiff incurred for the benefit or convenience of Defendant.

39. Plaintiff's home base of operations was his residence in Garland, Dallas County, Texas. Defendant assigned Plaintiff his work assignments, and Plaintiff travelled from that location to perform work for customers of Defendant. That included work in Dallas County, Texas in addition to work in other counties in Texas and work outside the state of Texas.

40. Defendant had a practice and/or policy of deducting FLSA compensable time from a workday for pay purposes and/or not paying for all compensable time worked during the

workday pursuant to the FLSA. As Plaintiff regularly worked no less than 40 hours per workweek for Defendant, that resulted in Plaintiff not being paid all overtime compensation owed pursuant to the FLSA. For example, Defendant deducted/did not pay approximately one hour per workday for a meal break regardless of whether or not Plaintiff received a corresponding non-compensable meal break pursuant to the FLSA. As Plaintiff regularly worked no less than 40 hours per workweek, that unpaid time resulted in unpaid overtime wages under the FLSA.

41. Furthermore, Plaintiff was not paid all overtime wages owed under the FLSA because Defendant failed to include non-bona fide per diem pay in calculating Plaintiff's regular rate of pay.

42. Defendant employs/employed numerous other hourly paid commercial building maintenance workers who, like Plaintiff, perform/performed the Commercial Maintenance Work for customers of Defendant. Like Plaintiff, those employees, generally have/had their home residence as their base of operations from which they are/were assigned work by Defendant. Like Plaintiff, some of that work is/was in close geographic proximity to the residences of the commercial building maintenance workers. Like Plaintiff, that work regularly requires/required long periods of travel from the home base of operations of the respective commercial building maintenance workers. Like Plaintiff, those other commercial building maintenance workers are/were also paid non-bona fide per diem pay.

43. Defendant has/had a practice and/or policy of deducting compensable time from a workday for pay purposes and/or not paying for all FLSA compensable time worked in a workday as to those other commercial building maintenance workers. As those other commercial building maintenance workers, like Plaintiff, regularly work/worked no less than 40 hours per

workweek, that results/resulted in them not being paid all overtime compensation owed in violation of the FLSA.

44. Furthermore, Defendant has/had a practice and/or policy of not including non-bona fide per diem pay in calculating the regular rates of pay of the other commercial building maintenance workers like Plaintiff. That results/resulted in those other commercial building maintenance workers not being paid all overtime wages owed under the FLSA.

### IV. CONTROLLING LEGAL RULES

45. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

46. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

47. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a). Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

48. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1041-42 (5th Cir.2010)

49. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

50. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

## V. FLSA CLAIMS

51. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

52. All conditions precedent to this suit, if any, have been fulfilled.

53. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

54. At all relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

55. Plaintiff and putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

56. Plaintiff and the putative collective action members are/were paid an hourly rate of pay by Defendant in addition to other remuneration, such as per diem pay.

57. At material times, Plaintiff and the putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

58. Defendant is/was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

59. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

60. The putative collective action members are/were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

61. Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. For example, Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members were not being paid for all compensable time worked in workweeks of 40 hours or more pursuant to the FLSA and that the regular rates of pay for Plaintiff and the putative collective action members were under calculated during workweeks when they worked 40 or more hours. Plaintiff and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

62. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

63. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

*See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

64. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former hourly paid commercial building maintenance worker employees of Defendant who are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek during the time period relevant to this lawsuit. Defendant has/had a practice and/or policy of deducting compensable time from a workday for pay purposes and/or not paying for all FLSA compensable time worked in a workday as to those putative collective action members. As Plaintiff and the putative collective action members regularly worked no less than 40 hours per workweek, that resulted in them not being paid all overtime compensation owed in violation of the FLSA. Furthermore, like Plaintiff, Defendant paid the putative collective action members non-bona fide per diem pay that was not factored into their respective regular rates of pay which resulted in an underpayment of overtime wages under the FLSA.

65. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

66. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

67. Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

68. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

69. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

    b. All damages allowed by the FLSA, including back overtime wages;

    c. Liquidated damages in an amount equal to back overtime wages;

    d. Legal fees;

    e. Costs;

    f. Post-judgment interest;

    g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: June 13, 2017.

Respectfully submitted,

By:   s/ Allen R. Vaught
       Allen R. Vaught
       Attorney-In-Charge
       TX Bar No. 24004966
       MS Bar No. 101695
       Baron & Budd, P.C.
       3102 Oak Lawn Avenue, Suite 1100
       Dallas, Texas 75219
       (214) 521-3605 – Telephone
       (214) 520-1181 – Facsimile
       avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF